**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELLYN L. BARTGES,
Plaintiff-Appellant,

v.

No. 95-3157

UNIVERSITY OF NORTH CAROLINA, at
Charlotte,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CA-94-113-3-P)

Argued: July 10, 1996

Decided: August 14, 1996

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert L. Bell, LAW OFFICES OF ROBERT L. BELL,
Washington, D.C., for Appellant. Thomas J. Ziko, Special Deputy
Attorney General, NORTH CAROLINA DEPARTMENT OF JUS-
TICE, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Quinne H.
Lindsey, LAW OFFICES OF ROBERT L. BELL, Washington, D.C.,
for Appellant. Michael F. Easley, Attorney General of North Caro-
lina, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Ellyn L. Bartges appeals from the district court's grant of summary judgment in favor of appellee, the University of North Carolina at Charlotte (UNCC). We affirm.

Bartges is a former employee of UNCC. In 1988 Bartges began working part-time at UNCC as a volunteer Assistant Women's Basketball Coach. In 1989 UNCC decided to pay Bartges for her services. In 1990 UNCC's Director of Athletics, Judy Rose, offered Bartges additional part-time work as Head Women's Softball Coach. Bartges accepted and received a salary greater than that of her predecessor, Richard Wiseman.

On January 6, 1993, Rose reprimanded Bartges for conducting unauthorized fund-raising activities for the softball program. Five days later, Bartges filed a discrimination charge with the Equal Employment Opportunity Office (EEOC) alleging that UNCC was denying her equal wages because of her sex. On January 14, 1993, Bartges wrote a letter to the U.S. Department of Education alleging that UNCC's athletic program discriminated against women in violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 et seq.

At some point, UNCC decided to convert Bartges' part-time Assistant Women's Basketball Coach position into a full-time position. The University solicited applicants for the full-time position, and Bartges was one of three finalists for the job. However, UNCC selected Tulonda Rose, a woman with more experience (as a basketball player and head coach), for the job. Bartges continued serving as Head Women's Softball Coach. Her softball coaching position was restructured to a nine-month position to allow her to continue receiving health insurance benefits. Bartges inquired about a position as an aca-

2

demic advisor but never formally applied. On July 26, 1994, Bartges says she "involuntarily" resigned from her employment at UNCC.

Shortly before resigning, Bartges filed this suit against UNCC alleging numerous violations of federal and state law. The district court granted summary judgment in favor of UNCC on all claims. On appeal, Bartges first asserts that UNCC violated the Equal Pay Act, 29 U.S.C. § 206(d)(1), by paying her less than a male for performing substantially equal work. Second, she alleges that UNCC discriminated against her because of her sex, in violation of Title VII, 42 U.S.C. § 2000e et seq., by (a) paying her less than certain male coaches, (b) refusing to hire her as a full-time Assistant Women's Basketball Coach, (c) restructuring her position as Head Softball Coach to a nine-month position, and (d) denying her additional employment as an academic advisor. Third, Bartges argues that UNCC retaliated against her for filing EEOC charges, in violation of Title VII, by upgrading the position of Assistant Women's Basketball Coach to full time and then failing to hire her for the position. Finally, Bartges advances all these claims under the framework of Title IX, 20 U.S.C. § 1681 et seq.

After carefully considering the record, the briefs and the arguments of the parties, we conclude that the district court properly granted summary judgment in favor of UNCC.* Accordingly, we affirm for the reasons stated in the district court's thorough opinion. See Bartges v. University of North Carolina at Charlotte, 908 F. Supp. 1312 (1995).

AFFIRMED

_____
*Bartges' argument that the district court deprived her of her constitutional right to a jury trial is meritless.

3